## Commonwealth v. Nahirniak

*John B. Lampi,* Assistant District Attorney, for Commonwealth.

Clyde W. Waite, for defendant.

BODLEY, J., September 5, 1973.—A motion to quash has been filed on behalf of the above-named defendant alleging a violation of the 180-day rule provided for in the Agreement on Detainers Act of September 8, 1959, P. L. 829, no. 324, sec. 1, 19 PS §1431.

The facts are not in dispute. Defendant is charged with the crimes of burglary and unlawful entry allegedly committed on or about September 1, 1968, in the Borough of Doylestown, this county. He was arrested on October 5, 1968, in the State of New Jersey and charged with certain offenses committed in that jurisdiction. On October 12, 1968, defendant entered a plea of guilty to the New Jersey charges and was

sentenced to a term of one year in the New Jersey Workhouse. A detainer having been lodged against him, defendant, on October 16th, while in custody, directed a letter to the then President Judge of this court, Edward G. Biester, which letter, arguably, related to the charges we are here concerned with.[1] In that letter defendant demanded a speedy trial under the 180-day rule. In due course, on October 28th, defendant's communication was forwarded to the Bucks County District Attorney for action.

The warden, commissioner of corrections or other official having custody of the prisoner is then directed to promptly forward the written request for final disposition, together with the certificate referred to above, to the appropriate prosecuting official and to the court of the State in which the criminal charges are pending. It is argued by the district attorney that there was no compliance with the requirement that the formal certificate accompany the request. However, the burden of preparing and forwarding such certificate is upon the custodial authority and not upon the prisoner. Notwithstanding any technical shortcoming in this regard, it is clear that the district attorney eventually did, in fact, execute the "Prosecutor's Acceptance Of Temporary Custody Offered In Connection With A Prisoner's Request For Disposition Of A Detainer" (Form No. 7) on January 20, 1969. Whether through inadvertence or otherwise, nothing further was done to bring defendant to trial during the 180-day period following the January 15, 1969, request of defendant, which request is indisputably related to the charge pending before us.

---

[1] Other charges were also pending and the letter referred to a burglary committed in Falls Township, whereas the instant offense occurred in Doylestown Borough.

The sanctions to be imposed upon the prosecution for failure to comply with the compact are set forth in article V(c) in this language:

"If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided for in article III. or article IV. hereof [180 days and 120 days respectively], the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order, dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

We hold that defendant has done everything required of him to initiate the speedy trial to which he was entitled. We find that the prosecutor of Bucks County neglected to follow through after its official acceptance of custody of defendant's person on January 20, 1969, and failed to send his agents to the correctional institution in New Jersey in order to physically transport the defendant to this jurisdiction for trial. With remarkable candor, the assistant district attorney pursuing this matter for the Commonwealth, after pointing out those aspects of the case favorable to the Commonwealth, appears to concede that the statutory mandate had not been complied with.

Apparently, the district attorney took no steps to have defendant brought to trial in response to the letter of October 16th, or perhaps the request was honored in connection with other offenses committed by defendant. In any event, on January 15, 1970, defendant once again wrote, while still in custody in New Jersey, requesting that the authorities of this jurisdiction afford him a speedy trial. In response to this re-

quest, Form No. 7 under the Agreement of Detainers was executed by the district attorney and certified by a judge of this court on January 20, 1969. However, nothing further was done, as indicated in a letter from an official of the New Jersey Reformatory at Bordentown on August 22, 1969. In this communication, addressed to the District Attorney of Bucks County, the district attorney was reminded that defendant had requested a "fast trial" in January of 1969 and that "all the papers were prepared but he was never picked up." The official of the prison sought advice of the district attorney as to whether or not the prisoner should be required to submit another set of interstate compact forms. What may have followed that communication is not at all clear from the record. However, one thing is certain, and that is that defendant had not been brought to trial as of March 13, 1973, the date on which counsel filed the application to dismiss the indictment which is now before the court.

The Agreement on Detainers, supra, had been enacted by the State of New Jersey as well as by this Commonwealth prior to 1969. Accordingly, defendant as a prisoner in a correctional institution in the State of New Jersey was entitled to the benefits accorded him under the said agreement. Article III(a), provides:

"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which the detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his impris-

onment and his request for a final disposition to be made of the indictment, information or complaint."

Clearly, defendant's communication of January 15, 1969, to this court, though informal in nature, represented sufficient compliance with the requirement of the section just quoted.

Article III(a) goes on to provide:

"The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence . . ." and the like.

It is immaterial that no prejudice to defendant has been shown to have followed the delay. He is entitled to the benefit of the act even though no prejudice can be shown: Commonwealth v. Fisher, 451 Pa. 102, 106 (1973). As indicated in Fisher, the dismissal sanction is a prophylactic measure designed to induce compliance with the statute, and the statute, being remedial in character, must be construed liberally in favor of the prisoner. The overall public policy in favor of the prompt trial provided for in the act under consideration, as well as that found in the Act of June 28, 1957, P. L. 428, 19 PS §§881-882, providing for dismissal of charges with prejudice in the similar situation of the failure of the Commonwealth to try a prisoner incarcerated within the State after due request, tends to make the distasteful task of dismissing indictments in this fashion somewhat more palatable. To be assured that the policy favoring speedy trial is becoming increasingly favored by our courts, one need only review Pennsylvania Rule of Criminal Procedure 1100 adopted June 8, 1973, providing for an eventual "180 day rule" for *all* persons charged with crime, whether in custody or not. One can hope that such policy is, in

like fashion, truly favored by those charged with crime. If such were the case, the goal of "sure and swift" justice would more nearly be achieved.

## ORDER

And now, September 5, 1973, as mandated by the Agreement on Detainers, it is ordered and directed that the indictment herein be dismissed with prejudice.